■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD SHAW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered November 7, 1984, convicting him of burglary in the

first degree (two counts), robbery in the first degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Balbach, J.), of that branch of the defendant's omnibus motion which sought the suppression of identification testimony.

Judgment affirmed.

The defendant initially claims the charge of the court was improper in that it failed to inform the jury as to the necessity for separate verdicts as to the defendant and his codefendant. The record does not support the defendant's claim. In instructing the jury, the court stated that although the defendant and the codefendant were tried together, in essence two separate trials were being conducted and the jury had to consider the evidence against each defendant separately in determining guilt or innocence. The court further explained each count of the indictment charging the defendants with having aided and abetted each other in the commission of the crimes charged, as well as the significance of the verdict sheets and the necessity of rendering a separate verdict as to each count of the indictment and as to each defendant.

No error was involved with respect to not charging as to a delay in arraignment since, under the facts of this case, there was no demonstration of any unnecessary delay.

While the defendant challenges the testimony of Myriam Zarin on the basis that it constituted improper bolstering, it is evident that this testimony was introduced to establish whether Zarin had observed the perpetrators at any other time and not to demonstrate that the perpetrators were predisposed to commit the crime charged (see, People v Short, 110 AD2d 205). Since the probative value of this testimony outweighed its potential prejudice to the accused, it was properly admitted (see, People v Allweiss, 48 NY2d 40, 47).

Finally, while the defendant argues that the lineup procedures conducted in this case were improper, the record clearly demonstrates that the lineup was not tainted (see, People v Woods, 84 AD2d 937; People v Scott, 114 AD2d 915).

The other contentions of the defendant have been rejected as either having not been properly preserved for review or as being without merit. Lazer, J. P., Mangano, Bracken and Kooper, JJ., concur.